# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KHALED ABDEL-FATTAH,

    Plaintiff,

v.      Case No:   6:23-cv-659-CEM-LHP

FATIMA BELAL and MOHAMED Z. DELHOUM,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **TIME SENSITIVE MOTION OPPOSED (Doc. No. 23)**
>
> **FILED:**     **June 24, 2023**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:**   **MOTION FOR PACER (CM/ECF) OPPOSED (Doc. No. 24)**
>
> **FILED:**     **June 24, 2023**

**THEREON** it is **ORDERED** that the motion is **DENIED**.[1]

By the above-styled motions, Plaintiff, appearing *pro se*, seeks two forms of relief. First, by a "time-sensitive" motion, Plaintiff asks the Court to set a hearing for today or tomorrow where he "will be asking the court to Impeach the erroneous Decision from Case 226-2016-CV-00184 [in New Hampshire state court] and to Declare it to be a void judgment." Doc. No. 23, at 5. Plaintiff contends that he will be selling his house in New Hampshire, the closing date for which is June 30, 2023, and that Defendant Fatima Belal will collect on the "void judgment" at the closing. *Id.*

On review, the first motion will be denied. Plaintiff's motion fails to cite any legal authority demonstrating that the relief he is asking for is properly sought in this Court.[2] Instead, it appears that to the extent that Plaintiff is arguing that the New Hampshire state court judgment is void, he should be seeking relief in the New Hampshire state court, rather than here. Accordingly, the first motion (Doc. No. 23) is **DENIED**. *See also* Doc. Nos. 10, 14, 22 (denying similar requests by

---

[1] The Court does not require a response from Defendants to resolve either motion.

[2] Plaintiff improperly includes a separate "legal memorandum" as an attachment to the motion. Doc. No. 23-1. *See* Local Rule 3.01(a) (requiring a motion to include in a single document, among other parts, a legal memorandum). Even considering the document, however, Plaintiff cites no legal authority demonstrating that the requested relief is properly sought in this Court. *See* Doc. No. 23-1.

Plaintiff for relief regarding the New Hampshire state court judgment for failure to cite any legal authority demonstrating that the relief is properly sought in this Court).[3]

By the second motion, Plaintiff asks the Court for electronic access to the Court's CM/ECF system.  Doc. No. 24.  Upon review, the motion fails to comply with Local Rule 3.01(a).  In addition, "[w]hile an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020).  Plaintiff makes no such showing here.  Accordingly, the second motion (Doc. No. 24) is also **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that in his prayer for relief, Plaintiff requests that the Court inform him by email or telephone "if my Motion of Time Sensitive Hearing is accepted when a decision is rendered."  Doc. No. 23, at 6.  However, it is not the policy of the Court to email or call litigants upon issuing an Order.  Accordingly, this request is also **DENIED**.

Copies furnished to:

Counsel of Record
Unrepresented Parties